DARGE vs. THE HORICON IRON MANUFACTURING COMPANY.

CONSTRUCTION OF CHARTER: *Right of appeal from award; corporation estopped from denying validity of charter.*

1. Under defendant's charter it has no beneficial right of appeal from an award against it (made pursuant to the charter) of damages for flowing land; but judgment may be entered on the award notwithstanding its appeal.
2. Having organized under the act, defendant cannot object that the provisions for an award and judgment, so construed, are invalid.

APPEAL from the Circuit Court for *Dodge* County.

In pursuance of the provisions of sec. 7, chap. 133, Private and Local Laws of 1854 (the charter of the defendant company), arbitrators were appointed to determine a controversy between the parties to this suit, in relation to the flowage of plaintiff's lands. Their award having been filed in said circuit court, defendant moved to set it aside, and

plaintiff moved for judgment thereon. Both motions were denied; and both parties appealed. The present case is that of plaintiff's appeal.

*Gillett & Conklin*, for appellant.

*E. G. Ryan*, for respondent.

The following opinion was filed at the June term, 1866:

COLE, J. The motion to set aside the award in this case was met by a counter motion on the part of the plaintiff for judgment on the award for the amount assessed by the arbitrators, he consenting that judgment should be rendered against him for the costs. Our first impressions were that this motion for judgment was properly denied, and that, as the company had appealed from the award, it was entitled to a new trial in the circuit court upon the question of damages. A more careful examination of the charter, however, has led us to the conclusion that it does not secure to the company, even where it appeals, this right. In the section regulating appeals from the award, is found this clause: "And if the amount so found for such plaintiff shall exceed the amount of the award, judgment shall be rendered for the plaintiff with costs; and if the amount so found shall not exceed the amount of the award, judgment shall be rendered against such plaintiff for costs, *and the award shall remain in force*, and *judgment be rendered thereon.*" (Sec. 7, Charter.) We at first supposed there was some mistake in the charter as printed in the bound volume, but upon looking at the enrolled bill in the office of the secretary of state, we find that the law is correctly published. It there reads, that "*the award shall remain in force*, and judgment be rendered thereon," even when the amount found due on a trial in the circuit court shall not exceed or be less than the amount of the award. In other words, under the charter as it now stands,

judgment must pass 'against the company for the amount of the award under any contingency. This is certainly a strange anomaly in the charter, and one we should not have expected to find in a law doubtless drawn up by those interested in it. We should not have supposed that those persons interested in the charter would have so drawn it as to give the company the right to appeal from the award, while at the same time all real benefit of such appeal was taken away by providing that "the award shall remain in force," whatever might be the reduction in the damages as found by the jury. It is more than probable that some words were omitted by the draftsman of the law, and that he might have intended to draw this clause so as to read that the award shall remain in force for the amount found due on the trial in the circuit court. But however this may be, it is quite obvious that it is idle to speculate as to what may have been the idea of the person who drew up the charter. Nor is it the function of the court to interpolate words into the law so as to amend it and make it read as we may fancy it was intended to read. If there is a defect in the law, it is the province of the legislature to correct it. We must give effect to the provision as we find it upon the statute book. We cannot perceive that the provision which declared that "the award shall remain in force" is open to any constitutional objection, for it was undoubtedly competent for the company to waive the benefit of an appeal, and make the award of the arbitrators conclusive so far as it was concerned. The company has accepted the charter and acted under it. And it is the plain duty of the court to give effect to its provisions. And as the award of the arbitrators was conclusive upon the question of damages, so far as the company was concerned, the plaintiff was entitled to judgment thereon.

*By the Court.*—The order of the circuit court denying the motion for judgment on the award is reversed, and the cause remanded for further proceedings according to law.

A motion for a rehearing was granted at the January term, 1867, and the appeal was finally disposed of at the February term, 1868, when the following opinion was filed:

PAINE, J. A re-argument was ordered in this case, because the argument of the appellant's counsel on the motion raised serious doubts in the minds of some of the members of the court, whether the decision already announced should be adhered to. A most careful examination of the subject has not freed the question from doubts. It is one of those cases where the legislative intent is to be extracted from conflicting and incongruous provisions. But we have not been able to see, after all, how any other result could be arrived at, than that stated in the former opinion. The provisions of the statute in regard to the entry of judgment on the award are clear and positive; and although they render fruitless the appeal given to the company, and make it a mere nominal right, yet we do not see how we can disregard them, and supply their place by other provisions which would be necessary. It seems evident from a consideration of the section, that it was originally drawn so as to give the right of appeal only to the land owner. In that form, its provisions would be entirely consistent and harmonious. It intended to give him costs in case he increased the award, and to give the company costs in case he failed to increase it, but to give him the amount of the award in any event. It is probable that some one, without understanding the entire scope of the section, suggested an amendment giving the right of appeal to both parties, and that it was so adopted, without making such changes in the remainder of the section as were necessary to accomplish the object. We must take it as it is; and, taken as a whole, we think it cannot be construed as intending to give the company any beneficial right of appeal.

Nor do we think the company can be heard to object that the law, so construed, is invalid. Having organized under it, and acted under it so far as to take the property of the plaintiff, they cannot now object to the validity of its provisions prescribing his remedy. *People v. Murray*, 5 Hill, 468; *Burrows v. Bashford, ante,* p. 103.

In *Dunmore's Appeal*, 52 Pa. St. Rep., 374, it was held that a municipal corporation, being a creature of the legislature, had no constitutional guaranty of the right of trial by jury, and that it might be deprived of it. Whether such a doctrine would have been applied to a manufacturing company, may be questionable, and it may be conceded that after such company is once in existence, it could not be compulsorily deprived of such right without any act of waiver on its part. But if the legislature should grant to such company a new privilege, like that of exercising the right of eminent domain, subject to the condition that the award of arbitrators should be conclusive on it as to amount of compensation, if the company should act upon such grant, it would undoubtedly be bound by the conditions.

We are compelled, therefore, to hold that the appellant was entitled to judgment on the award, in pursuance of the statute; and the opinion already filed is adhered to, reversing the order appealed from.

*By the Court.*—The order of the circuit court is reversed.